## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NABIL A. SOUIED<br>**Plaintiff,**<br><br>v.<br><br>LUMA ENERGY MANAGECO, LLC a/k/a LUMA Energy LLC, and LUMA Energy ServCo LLC; PREPA; INSURANCE COMPANIES X, Y, Z, et al.<br>**Defendants** | Civil No. _____<br><br>DECLARATORY RELIEF AND TO ENJOIN ENFORCEMENT OF THE CIVIL RIGHTS ACT OF 1964; SEEKING INJUNCTIVE RELIEF AND DAMAGES<br><br>PLAINTIFF DEMANDS TRIAL BY COURT OF LAW |

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes now, PLAINTIFF Nabil A. Souied, hereinafter "Souied" or "PLAINTIFF", through his undersigned attorneys and respectfully **STATES**, **ALLEGES** and **PRAYS**:

## NATURE OF THE ACTION

This is an action for declaratory relief and the enforcement of an Act of Congress, seeking injunctive relief and damages pursuant to the provisions of the CIVIL RIGHTS ACT OF 1964, 42 USC secs. 2000a *et seq.*; and the pertinent and applicable federal legislations and regulations, as amended, for the adverse and discriminatory actions to which PLAINTIFF was subjected by DEFENDANTS.

PLAINTIFF requests declaratory relief concerning the illegality of DEFENDANTS' actions against him in the context of his request to challenge billing errors pursuant to state legislation; restrain or court order; compensation for PLAINTIFF'S suffering; emotional

1

distress; and moral damages; punitive damages; costs; interest; and reasonable attorney's fees.

## JURISDICTION AND VENUE

This Honorable Court has subject-matter jurisdiction to entertain the instant case pursuant to the following provision:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) **To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;**

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

(b) For purposes of this section-

2

> (1) the District of Columbia shall be considered
> to be a State; and
>
> (2) any Act of Congress applicable exclusively
> to the District of Columbia shall be considered
> to be a statute of the District of Columbia.

28 USC sec. 1343

Also, this Court has jurisdiction arising in or under 28 USC Sec. 1331 and 1343, as it result from a case or controversy involving a federal question, and specifically, seeking to recover damages, or secure equitable or other relief, under the CIVIL RIGHTS ACT OF 1964, 42 USC secs. 2000a *et seq.*, specifically Title II's prohibition against discrimination or segregation in places of public accommodation.

Declaratory, injunctive, legal and equitable relief is sought pursuant to 28 USC 2201 and 2202, in connection with PLAINTIFF'S claims under the CIVIL RIGHTS ACT OF 1964, 42 USC secs. 2000a *et seq.*, as amended.

This Honorable Court has Supplementary Jurisdiction to hear and adjudicate PLAINTIFF'S state-law causes of action— if any— under one or more Puerto Rico statutes, based on provisions derived from 28 USC sec. 1367 (2023; Supplemental jurisdiction). These claims may arise under the same adverse treatment and discriminatory acts by DEFENDANTS, without raising any novel or complex issues of Puerto Rico law, nor predominating the claims over which this Honorable

Court has original jurisdiction.

Venue in the Federal Court for the District of Puerto Rico is proper because a substantial part of the events or omissions giving rise to the claim occurred in Puerto Rico. PLAINTIFF hereby demands trial by jury.

## THE PARTIES

### A. PLAINTIFF

1. PLAINTIFF, Nabil A. Souied, is a citizen of the United States and resident of Aguada, PR.

### B. DEFENDANTS

2. DEFENDANT, LUMA ENERGY MANAGECO, LLC a/k/a LUMA Energy LLC, and LUMA Energy ServCo LLC, hereinafter collectively referred to as "LUMA" are two limited liability companies authorized and registered at the Department of State for the Commonwealth of Puerto Rico, under registry numbers 439372 and 439373 respectively, and with postal as well as physical addresses listed at 1250 Av. Juan Ponce de León, San Juan, 00907. Both entities serv as their own resident agents for service of process.

3. The Puerto Rico Electric Power Authority, hereinafter "PREPA", is a public utility company for the Commonwealth of Puerto Rico with address registered at PO Box 364267 San Juan, PR 00936-4267 and 1250 Av. Juan Ponce de León, San Juan, 00907.

**4.** Co-defendants Insurance Companies X, Y, Z are insurance carriers duly organized or operating under the laws of Puerto Rico or the United States, which at all relevant times alleged herein, had in full force and effect, one or more insurance policies, including employer's practice liability insurance, covering the legal liability of LUMA and its employees and agents responsible for the facts alleged herein.

**5.** Seyna de Leon, John Doe, Jane Doe and Company ABC are known and unknown and/or fictitious DEFENDANTS that act on behalf, work or are agents of LUMA at the Arecibo Office whose acts are attributed to DEFENDANTS.

<u>**FACTS**</u>

**7.** PLAINTIFF was born on Lebanon and identifies himself as middle eastern man of Arab national origin.

**8.** PLAINTIFF operated a gas station in Arecibo, Puerto Rico until 2013.

**9.** PLAINTIFF operated with electricity provided by PREPA under Commercial Account Number 1843321647.

**10.** PLAINTIFF sold the gas station to Caroline Muñoz Gaud in 2013. Muñoz Gaud signed the proper forms and documents requested by PREPA to take responsibility for any debts regarding PREPA's Commercial Account Number 1843321647. Any debt would be

transferred to Muñoz Gaud Account Number.

**11.** Immediately on 2014, PLAINTIFF asked for disconnection and cancelation of PREPA Commercial Account Number 1843321647.

**12.** However, PREPA transferred the balance from Commercial Account Number 1843321647 to PLAINTIFF's **personal account** with PREPA.

**13.** PLAINTIFF immediately requested PREPA to correct the issue since Muñoz Gaud signed all pertinent documents necessary to assume the debt. PREPA complied and acted accordingly.

**14.** Between 2020 and 2021, LUMA acquired a contract as the new operator for Puerto Rico's power grid.

**15.** In 2020— 6 years later—, again, DEFENDANTS collectively transferred the balances indebted on Commercial Account Number 1843321647 to PLAINTIFF's **personal account.**

**16.** PLAINTIFF has objected such actions and requested DEFENDANTS to correct the issue to no avail.

**17.** On October 2021, PLAINTIFFS personal assistant, Deborah Irizarry, attended LUMA's regional office at Arecibo, Puerto Rico, to correct the issue of PREPA's Commercial Account Number 1843321647.

**18.** PLAINTIFF opted to take advantage of the fact that his assistant, Irizarry, is Puerto Rican since he noticed animosity

6

against hir Arab background.

**19.** On October 2021, Irizarry was assisted by an agent or representative of LUMA identified as Seyna de Leon.

**20.** When presented with the issue regarding PREPA's Commercial Account Number 1843321647, de Leon declined the transfer of any amount on PLAINTIFF's **personal account** and responded to have no doubt that PLAINTIFF owed sums to LUMA and *ad verbatim* expressed that "los árabes son tramposos y mala paga".

**21.** DEFENDANTS actions, words, declarations and handling of the events occurred in October 2021, either directly or through their agents or contractors, are in direct violation to prohibitions included in federal law, specifically those established in the Civil Rights Act of 1964, 42 USC sec. 2000a (2021).

## FIRST CAUSE OF ACTION

**22.** PLAINTIFF hereby reiterates and reaffirms all previous statements and allegations.

**23.** LUMA's Arecibo Office is a public facility which is owned, operated, or managed by or on behalf of the Government of Puerto Rico or PREPA, as its subdivision.

**24.** LUMA has a duty to provide a public service in a discrimination free environment that encompasses both, rates and

services.

**25.** LUMA operates a public service with a monopolistic character. PLAINTIFF, and clients in general, have no choice of selecting other vendors to get service.

**26.** Being deprived of choice of vendors, PLAINTIFF, and clients in general, are entitled to just, reasonable and equal terms of service in a discrimination-free environment.

**27.** LUMA's public service must guarantee equal access, the enjoyment of all benefits, privileges, terms, and conditions to all citizens in their civil and legal rights.

**28.** LUMA's actions, *per se* o through its agents, in calling de PLAINTIFF "los árabes son tramposos y mala paga", are in direct violation of PLAINTIFF'S civil and legal rights.

**29.** LUMA's actions, *per se* o through its agents, in calling de PLAINTIFF "los árabes son tramposos y mala paga" discriminated the PLAINTIFF based on his race and national origin.

**30.** LUMA's actions, *per se* o through its agents, in calling de PLAINTIFF "los árabes son tramposos y mala paga" impeded the PLAINTIFF from challenging fees and rates regarding his PREPA's Commercial Account Number 1843321647.

**31.** PLAITIFF has sent multiple extrajudicial request soliciting compensatory damages and halting the pertinent statute

of limitations.

## **PRAYER FOR RELIEF**

**WHEREFORE,** PLAINTIFF respectfully request from this Honorable

Court to issue the following relief against DEFENDANT:

> **A.** That the Court provide the PLAINTIFF with a jury trial;
>
> **B.** That judgement be entered in favor of the PLAINTIFF and against the DEFENDANTS;
>
> **C.** Damages afforded to Souied under the Civil Rights Act of 1964, including compensatory and punitive damages, in a sum not less than Two Hundred Thousand Dollars ($200,000.00);
>
> **D.** Damages afforded to Souied under any applicable federal statue, including compensatory and punitive damages, for impeding the challenge of rates and services, in a sum not less than Two Hundred Thousand Dollars ($200,000.00);
>
> **E.** That the Court declares that DEFENDANTS' actions constituted an unreasonable and unlawful discriminatory practice;
>
> **F.** That the Court orders the DEFENDANTS to correct the issues regarding PREPA's Commercial Account Number 1843321647 as it previously did;
>
> **G.** That the Court award the PLAINTIFF reasonable attorney's fees and costs and interest; and
>
> **H.** That the Court award such other financial or equitable relief as is reasonable and just.

**RESPECTFULLY SUBMITTED.**

In Aguadilla, Puerto Rico, this 25th day of April 2023.


s/Fredeswin Pérez-Caballero
**Fredeswin Pérez-Caballero**
P.O. Box 723
Caguas, Puerto Rico 00726-0723
Telephone:      787-239-7226
USDC-PR 217803
e-mail: fpclaw@gmail.com

s/Nelson Esteban Vera-Santiago
**BUFETE VERA SANTIAGO**
P.O. Box 810
Moca, Puerto Rico 00676
Telephone: 787-877-3516
USDC-PR: 308709
e-mail: verasantiagolaw@gmail.com