## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NABIL A. SOUIED<br>**Plaintiff,**<br><br>v.<br><br>LUMA ENERGY, LLC; LUMA ENERGY<br>SERVCO LLC, ET. ALS.<br>**Defendants.** | **Civil Action No**. 23-CV-1201 (RAM) |

### CO-DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Defendants, **LUMA ENERGY, LLC; LUMA ENERGY SERVCO LLC**; and **SEYNA DE LEON** (collectively, "co-defendants"), respectfully submit this Motion to Dismiss the Complaint pursuant to Rule12(b)(1) and (6) of the Federal Rules of Civil Procedure seeking to dismiss with prejudice the Complaint filed by Nabil A. Souied ("Plaintiff").

### I.    SUMMARY OF THE ARGUMENT

Through the above-captioned Complaint, the Plaintiff seeks declaratory relief and damages arising from co-defendants alleged discriminatory actions against him under the Civil Rights Act of 1964, which allegedly "impeded the PLAINTIFF from challenging the fees and rates regarding his PREPA Commercial Account Number 1843321647." See, D.E. 1, ¶30. It should be noted that as reflected in its policies, LUMA is committed to treating all customers equally and promoting a discrimination-free environment for the benefit of all customers. LUMA strongly condemns any action that could be considered discriminatory against any person whatsoever.

As it will be discussed below, the Complaint should be dismissed in its entirety because Plaintiff's allegations under Title II of the Civil Rights Act of 1964 do not reach the level of the pleading standards under Rule 12(b) (6). Even if it were true that Ms. Seyna De León ("De León")

made discriminatory remarks against the Plaintiff, which we deny, Plaintiff was not denied service, was not impeded in any way from doing business with the co-defendants, nor was he prevented from challenging the debt associated with his electric service account. Additionally, the declaratory judgment requested is improper.

Also, even when the only stated cause of action in the Complaint is based on the applicability of the Civil Rights Act of 1964, in his prayer of relief, Plaintiff requests that the Court order co-defendants to correct the alleged issues regarding Plaintiff's commercial account. It seems clear that Plaintiff's intent is to use the Civil Rights Act as a subterfuge to access this Honorable Court's jurisdiction to address the billing issues related to his account. Plaintiff has also failed to plead he was impeded from objecting to his electricity bill by way of the informal process required by Act 57-2014, as discussed in this motion. However, as it will be discussed below, this Honorable Court also lacks subject matter jurisdiction to address the billing issues associated with his account because the Puerto Rico Energy Bureau ("PREB") has primary exclusive jurisdiction over the matter.

Finally, the alleged issue regarding the debt associated to Plaintiff's account is and was moot at the time of filling of this Complaint as it was written off by LUMA and is no longer being collected from Plaintiff. Therefore, even if this this Honorable Court were to consider the billing issues alleged, it lacks subject matter jurisdiction under Rule 12(b) (1) due to the issue becoming moot. We will discuss the above next, with the prayer that the Court dismiss the entire Complaint with prejudice.

## II.    ALLEGATIONS IN THE COMPLAINT THAT SHOULD BE TAKEN AS TRUE ONLY FOR PURPOSES OF THIS MOTION TO DISMISS

The following allegations are summarized below for the sole purpose of this Court's consideration for purposes of granting this motion for dismissal. This statement of facts should not

be construed as an admission of its veracity or correctness by the co-defendants, but to show it fails to satisfy the standard of Fed. R. Civ. P. 12(b) as discussed in the subsequent section.

1. Plaintiff was born in Lebanon and identifies himself as middle eastern man of Arab national origin. See, D.E. 1, ¶7.

2. PLAINTIFF operated a gas station in Arecibo, Puerto Rico until 2013. See, D.E. 1, ¶8.

3. PLAINTIFF operated with electricity provided by PREPA under Commercial Account Number 1843321647. See, D.E. 1, ¶9.

4. PLAINTIFF sold the gas station to Caroline Muñoz Gaud in 2013. Muñoz Gaud signed the proper forms and documents requested by PREPA to take responsibility for any debts regarding PREPA's Commercial Account Number 1843321647. Any debt would be transferred to Muñoz Gaud Account Number. See, D.E. 1, ¶10.

5. In 2014, PLAINTIFF asked for disconnection and cancellation of PREPA Commercial Account Number 1843321647. See, D.E. 1, ¶11.

6. In 2020, six years later, the DEFENDANTS transferred the balances indebted on Commercial Account Number 1843321647 to PLAINTIFF's personal account. See, D.E. 1, ¶15.

7. On October 2021, PLAINTIFF'S personal assistant; Deborah Irizarry, attended LUMA's regional office at Arecibo, Puerto Rico, to correct the issue of PREPA's Commercial Account Number 1843321647. See, D.E. 1, ¶17.

8. On October 2021, Irizarry was assisted by an agent or representative of LUMA identified as Seyna de Leon. See, D.E. 1, ¶19.

9. When presented with the issue regarding PREPA's Commercial Account Number 1843321647, de Leon declined the transfer of any amount on PLAINTIFF's personal

account and responded to have no doubt that PLAINTIFF owed sums to LUMA, and ad

verbatim expressed that "*los arabes son tramposos y mala paga*". See, D.E. 1, ¶20.

## III.    STANDARD OF REVIEW

In this motion we will argue that the pleadings are insufficient to state a claim upon which

relief can be granted. See Fed. R. Civ. P. 12(b)(6). We will also argue that the court lacks subject

matter jurisdiction to order the co-defendants to correct any issues regarding Plaintiff's

commercial account because: (1) the PREB has exclusive primary jurisdiction over the matter and

(2) the court lacks subject matter jurisdiction because the claim is moot. See Fed. R. Civ. P.

12(b)(1). The filing of this Motion does not constitute waiver of any claim movants may have

against Plaintiff.

A court presented with motions to dismiss under both Rules 12(b)(1) and 12(b)(6) should

decide jurisdictional questions before addressing the merits. *Deniz v. Municipality of Guaynabo*,

285 F. 3d 142, 149 (1st Cir. 2002). The party invoking the jurisdiction of federal courts carries the

burden of proving that there is proper basis for the exercise of jurisdiction. *Johansen v. United

States*, 506 F. 3d 65, 68 (1st Cir. 2007).

## IV.    GROUNDS FOR DISMISSAL

### A.    THE FIRST CAUSE OF ACTION RELATED TO THE APPLICABILITY OF TITLE II OF THE CIVIL RIGHTS ACT MUST BE DISMISSED BECAUSE IT DOES NOT REACH THE PLEADING STANDARDS UNDER RULE 12(B)(6) SCRUTINY.

To survive a motion to dismiss under Federal Rule 12(b)(6) of Civil Procedure, a complaint

must both assert a "plausible" claim and set forth "sufficient factual matter" to support it. *Ashcroft

v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570

(2007)). "A pleading that offers '*labels and conclusions*' or '*a formulaic recitation of the elements*

4

*of a cause of action*' will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. In other words, when evaluating whether a complaint states a claim for relief, conclusory allegations should be disregarded. *Id.* Moreover, "[i]t is not … proper to assume that [plaintiff] can prove facts that it has not alleged." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Through his First Cause of Action, Plaintiff alleges that Ms. De León's alleged discriminatory remarks impeded him from challenging the fees and rates regarding his service accounts. See, D.E. 1, ¶30. Plaintiff requests this Honorable Court to declare that the co-defendant's actions constituted an unreasonable and unlawful discriminatory practice and requests an award in damages. Co-defendants move to dismiss the first cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**1.  LUMA's regional offices are not places of public accommodation.**

Title II of the 1964 Civil Rights Act prohibits public accommodations from discriminating on the basis of race, color, religion, or national origin. See, 42 U.S.C.A. 2000a. Title II identifies four categories of establishments that are considered places of accommodation, which include places that provide lodging to transient guests, food facilities, places of entertainment and establishments that are located within an otherwise covered establishment. 42 U.S.C.A. §2000a(b).

5

Pursuant to the Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement (the "T&D OMA") among the Puerto Rico Electric Power Authority ("PREPA"), LUMA, and the Puerto Rico Public-Private Partnerships Authority ("P3 Authority"), on June 1, 2021, LUMA assumed the operation and management of PREPA's assets, including PREPA's customer services regional offices.

Under Section IV, E of Annex I (Scope of Services) of the T&D OMA, LUMA is responsible for establishing and maintaining customer contact through customer offices. Moreover, under Section 5.3 of the T&D OMA, LUMA must perform all billing and collection services for the T&D System. None of these services fall under the activities covered by the establishment covered under the definition of places of accommodation under Title II. Therefore, LUMA's regional customer service offices cannot be considered public accommodations under the statute.

**2. The Complaint fails to allege facts to prove a prima facie case of discrimination under Title II.**

Even if this Honorable Court were to determine that LUMA's regional office in Arecibo is a place of public accommodation under Title II, the plaintiff has failed to allege sufficient facts to establish a prima facie case of discrimination. To prove a prima facie case of race discrimination under Title II, Plaintiff must allege facts suggesting that he: (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of a public accommodation; (3) was denied those benefits and enjoyment by the defendants; and (4) was treated less favorably by the defendants than similarly situated persons who are not member of the protected class. *Fall v. LA Fitness*, 161 F. Supp. 3d 601, 605 (S.D. Ohio 2016) ("a Title VII-inspired burden shifting analysis for Title II public accommodations is appropriate").

Plaintiff in the instant case has failed to prove a prima facie case of race discrimination under Title II. Although in his Complaint alleged facts regarding factors (1) that he is a member of a protected class (Plaintiff was born in Lebanon and identifies himself as middle eastern man of Arab national origin"; see, D.E. 1, ¶7), and (2) that he attempted, through his personal assistant, to obtain services from LUMA[1] (In 2021, Plaintiff's personal assistant attended LUMA's regional office in Arecibo to correct the issue of his commercial account; see, D.E. 1, ¶17), Plaintiff failed to satisfy factors (3) and (4).

That is, Plaintiff failed to prove that (3) he was denied those benefits and enjoyment by the defendants; and (4) was treated less favorably by the defendants than similarly situated persons. Plaintiff alleges that Ms. De León declined the transfer of any amount on PLAINTIFF's personal account. See, D.E.1, ¶20. However, the fact that Ms. De León declined to transfer the balance on his account is not the same as alleging that he was denied service by LUMA. Finally, Plaintiff makes no allegation relating to him being treated less favorably than similarly situated persons.

Plaintiff has alleged that he was impeded from challenging fees and rates regarding his PREPA Commercial Account Number 1843321647. However, Plaintiff fails to plead that he formally objected to the debt associated with his account as required by Act 57-2014 (Energy Transformation and RELIEF Act of 2014). Under Article 6.27(a) of this Act, before filing a complaint with the PREB to request an electricity service bill review, every person must exhaust the informal administrative procedure established in this Article and in the regulations adopted by the PREB, with the certified energy company that charged said invoice. Again, Plaintiff's intent is to use the Civil Rights Act as a subterfuge to access this Honorable Court's jurisdiction to address the billing issues related to his account.

---

[1] As discussed above, LUMA's regional office in Arecibo is not a place of public accommodation under Title II.

      3.      **LUMA did not deny service nor was Plaintiff impeded from challenging the issues related to his account.**

Even if it were true that Ms. De León made racist remarks against Plaintiff, which we deny and restate that it would be contrary to LUMA's culture and policies, courts have held that if the plaintiff was able to receive service or complete a purchase, that the complaint should be dismissed.

Even when racist language is used, there are multiple cases where a purchase was or could be made and courts have found the plaintiff has no viable claim. For example, in a case involving the purchase of gasoline and attempted purchase of beer, Hispanic plaintiffs alleged that a white Conoco store clerk treated them differently. See *Arguello v. Conoco*, 330 F.3d 355, 356-57 (5th Cir. 2003) The employee required identification in connection with the use of a credit card, used obscenities against them, used inappropriate gestures, made racially derogatory comments, and later locked them out of the store. *Id* After a jury found that the store discriminated against the plaintiffs, the trial judge overturned the jury's decision, rendering judgment as a matter of law, which the Fifth Circuit affirmed. *Id*. at 356. Section 1981 was not violated, because the store did not prevent the plaintiffs from making a purchase. *Id*. at 359. Rejecting that a relationship continues in a retail context similar to an employment relationship such that racial harassment can be covered under Section 1981, the court decided the clerk's conduct was not illegal. *Id*. at 360.

In another similar case, a white Kmart store clerk made many racist comments while the black plaintiff placed an item on layaway. *Hammond v. Kmart Corp*., 733 F.3d 360, 361 (1st Cir. 2013). The First Circuit affirmed the dismissal of the Section 1981 claim on a motion to dismiss, because the plaintiff was not "actually denied" the ability to make a contract. *Id*. at 362-66 (quoting *Garrett v. Tandy Corp*., 295 F.3d 94, 100-01 (1st Cir. 2002).

As discussed above, even if Ms. De Leon made the discriminatory remarks alleged in the Complaint, the Plaintiff has failed to argue that he was denied service from LUMA. In fact, there is no record that he followed the applicable process to challenge the electric service bills set forth in Act 57-2014. In fact, LUMA's initial denial of transfer of debt occurred in the context of customer service. Plaintiff conveniently omits the fact that he was received, heard, and given information just as any other customer. The fact that his request was initially denied, is not akin to a denial of service.

**B.      Relief sought by Plaintiff under Title II of the Civil Rights Act is not available.**

Courts have held that damages are not directly authorized under the statutory provision 42 U.S.C.A. § 2000a-6(b). governing remedies under Title II. Id § 269. Title II of the Civil Rights Act of 1964 authorizes suits by aggrieved affected parties for preventive injunctive relief, including an application for a permanent or temporary injunction, restraining order, or other order. 42 U.S.C.A. § 2000a-3(a).  A plaintiff seeking to enforce remedies under substantive provisions of the statute prohibiting discrimination or segregation in places of public accommodation can obtain only prospective injunctive relief, *Govea v. ATF*, 207 Fed. Appx. 369 (5th Cir. 2006) and not damages. *James v. American Airlines, Inc*., 247 F. Supp. 3d 297 (E.D. N.Y. 2017)  "*Where a business does not engage in a practice or policy of discrimination, and there is no likelihood of a repetition of an employee's discriminatory act, injunctive relief will be denied*". *People of State of N.Y. by Abrams v. Ocean Club, Inc*., 602 F. Supp. 489 (E.D. N.Y. 1984).  To claim injunctive relief, "*a plaintiff must show a real or immediate threat that the plaintiff will be wronged in future, that is, a likelihood of substantial and immediate irreparable injury*". *McLaurin v. Waffle House, Inc*., 178 F. Supp. 3d 536 (S.D. Tex. 2016). As to injunctive relief when the issue is moot, see § 267 Without an allegation of a sufficient likelihood that the plaintiff will again be wronged in a

similar way by the defendant, and "*in light of a single act of discrimination and no facts suggesting a policy, practice, or pattern of discrimination, the claim will be dismissed*". *James v. American Airlines, Inc.*, 247 F. Supp. 3d 297 (E.D. N.Y. 2017) The scope of the injunction may not be broader than necessary to remedy the underlying wrong. *Sherman v. Kasotakis*, 314 F. Supp. 2d 843 (N.D. Iowa 2004) Although the remedies provided in Title II are the exclusive means of enforcing the rights granted therein, 42 U.S.C.A. § 2000a-6(b) "*a court of equity has unquestioned wide powers to provide effective means for enforcement of the congressional mandate of the Civil Rights Act and to eradicate the effects of past discrimination, and the matter of devising an appropriate remedy for deprivation of constitutional rights is addressed to the sound discretion of the trial judge*". *Smith v. Young Men's Christian Ass'n of Montgomery, Inc.*, 462 F.2d 634 (5th Cir. 1972).

**C.    The Puerto Rico Energy Bureau has exclusive primary jurisdiction over challenges to bills for electric services.**

This case should also be dismissed due to lack of jurisdiction of this Honorable Court to address the controversy, since the PREB has exclusive primary jurisdiction over the matter as it relates with a dispute related to energy billing. Act 57 – 2014, Energy Transformation Act. Article 6.4(a), (22 L.P.R.A § 1054c).

When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case. See *Willy v. Coastal Corp.*, 503 U.S. 131, 137, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it."); *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir.1997) ("If a court [ ] determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits."); *Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir.1990) ("[W]e have held that a judge ordering a dismissal

10

based upon lack of subject matter jurisdiction retains no power to make judgments relating to the merits of the case.") (Internal quotation marks omitted).

A court without subject matter jurisdiction may retain some limited authority to protect its own independent interests in its procedures. *Willy*, 503 U.S. at 137–39, 112 S.Ct. 1076 (allowing imposition of Rule 11 sanctions for discovery violations to stand where court lacked subject matter jurisdiction over underlying matter), *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76–80, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988) (refusing to enforce civil contempt order against nonparty for violating discovery order where subject matter jurisdiction over the underlying matter was found lacking on appeal).

However, whatever incidental power the court retains cannot go to the merits of the underlying action. Rather, orders relating to the merits of the underlying action are void if issued without subject matter jurisdiction. See, e.g., *Shirley v. Maxicare Texas, Inc*., 921 F.2d 565 (5th Cir.1991) ("Unless a federal court possesses subject matter jurisdiction over a dispute, [ ] any order it makes (other than an order of dismissal or remand) is void."); see also *Hernandez v. Conriv Realty Assoc.*, 182 F.3d 121, 123 (2d Cir.1999) (district court lacking subject matter jurisdiction cannot, as sanction, dismiss case with prejudice); *In re Orthopedic "Bone Screw"*, 132 F.3d at 155–56 (same).

Subject matter jurisdiction is not a "nicety of legal metaphysics" but rests instead on "the central principle of a free society that courts have finite bounds of authority." See United States Catholic Conference, 487 U.S. at 77, 108 S.Ct. 2268. Courts must be careful to respect these limits on their authority. *Benjamin Christopher v. Stanley-Bostitch, Inc*., 240 F.3d 95 - United States Court of Appeals, First Circuit.

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). District courts have jurisdiction over civil actions arising under the Constitution and laws of the United States, 28 U.S.C § 1331, but Congress may preclude district court jurisdiction by establishing an alternative statutory scheme for administrative and judicial review. To determine whether Congress has done so, we use the two-step framework set forth in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 114 S.Ct. 771, 127 L.Ed.2d 29 (1994). Under that framework, "Congress intended that a litigant proceed exclusively through a statutory scheme ... when (i) such intent is 'fairly discernible in the statutory scheme,' and (ii) the litigant's claims are 'of the type Congress intended to be reviewed within [the] statutory structure.'" *Jarkesy v. SEC*, 803 F.3d 9, 15 (D.C. Cir. 2015) (quoting *Thunder Basin*, 510 U.S. at 207, 212, 114 S.Ct. 771); see **239 *755 *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 489, 130 S.Ct. 3138, 177 L.Ed.2d 706 (2010). *American Federation of Government Employees, AFL-CIO, et al. v. Donald Trump*, 929 F.3d 748, USCA – District of Columbia.

Through the Energy Transformation and Relief Act, PR-Law No. 57-2014 ("Law 57-2014"), the Legislature expressly granted the Puerto Rico Energy Bureau exclusive primary jurisdiction over "the cases and controversies related to the billing review of the power companies to their customers for electric power services. Act 57-2014, Art. 6.4 (a) (2), 22 LPRA §1054c.

This case is precisely a case in which the review of the billing for electrical energy services made by PREPA to its client, the Nabil A. Souied, is requested. Therefore, this is a case for the PREB to address as it is the entity with exclusive primary jurisdiction under Act 57-2014. After exhausting the administrative procedures before the PREB, if the Plaintiff decides to appeal the administrative decision, it would be before the Puerto Rico Court of Appeals, according to Section

4.1 of the Law of Uniform Administrative Procedure of the Government of Puerto Rico ("LPAU"), Law No. 38-2017, 3 LPRA §9671.

Given that the PREB is the entity that has primary and exclusive jurisdiction over the matter to elucidate this case in first instance, this Honorable Court must dismiss the present case. As stated above, the lack of subject matter jurisdiction cannot be remedied and the parties cannot voluntarily submit to a court without jurisdiction, so the only action this Court can take is to dismiss the case. Therefore, it is respectfully requested that this Honorable Court dismiss the action brought by the Plaintiff for lack of subject matter jurisdiction.

Because Plaintiff's claims related to the collection of the rates associated to his commercial account have become moot, and because even if it were not, the PREB has been granted exclusive jurisdiction to address this kind of claims, the court should dismiss the complaint.

> **D.    This Honorable Court lacks subject matter jurisdiction to address Plaintiff's claim regarding the fees and rates on his electric service account, since such claim is moot.**

In bringing the cause of action regarding the alleged impediment to bring forth his challenge to the fees and rates associated with his commercial account #1843321647, Plaintiff omits the fact that said issue has become moot, as the alleged debt was written off and declared as a loss by LUMA on June 14, 2022, prior to the filing of this complaint, and is since no longer being attempted to be collected from Plaintiff.

Article III, section 2 of the Constitution of the United States limits the exercise of federal judicial power to actual cases and controversies. U.S. Const. art. III §2; *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-241 (1937).

In resolving a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court shall grant the same is "upon accept[ing] plaintiff's version of jurisdictionally- significant

facts as true", it deems that plaintiff has failed to propound an adequate base for subject matter jurisdiction. *Valentín v. Hosp. Bella Vista*, 254 F. 3d 358, 363 (1st Cir. 2001). Also, the court may take into consideration "extra-pleading material" to reach its decision. Cita D.P.R. See also, *Aversa v. U.S.,* 99 F. 3d 1200 (1st Cir. 1996) ("In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff. In addition, the court may consider whatever evidence has been submitted, such as the depositions and exhibits submitted in the case.")

A claim is moot "when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'". [This occurs] only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."  *Chafin v. Chafin*, 568 U.S. 165, (2013).  "A party can have no legally cognizable interest in the outcome of a case if the court is not capable of providing any relief which will redress the alleged injury." *Gulf of Me. Fishermen's All. v. Daley*, 292 F.3d 84, 88 (1st Cir. 2002). This is true "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit." *Already, LLC v. Nike*, Inc. 568 U.S. 85, 91 at 91 (2013).  It has been held that "[u]nless an exception to the doctrine applies, to do otherwise would be to render an advisory opinion, which Article III prohibits." *Pietrangelo v. Sununu*, 15 F.4th 103, 105 (1st Cir. 2021) (citing *ACLU of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 52-53 (1st Cir. 2013)).

Here, the Plaintiff requests that this Honorable Court order the co-defendants to "correct the issues regarding PREPA's Commercial Account Number 1843321647". See, D.E. I, Prayer of Relief ¶D. However, the issue (debt) associated with Plaintiff's commercial electric service account was written off before the Complaint was filed, and LUMA is no longer attempting to

collect it from Plaintiff. In fact, the commercial account of reference has a $0 balance. Therefore, the issue referenced by Plaintiff has inescapably become moot, and was moot at the time of filing of this complaint.

## V. CONCLUSION

As discussed, the Complaint should be dismissed because it does not meet the pleading standards under Rule 12(b)(6) scrutiny. The claim fails to meet the Civil Rights Act applicability standards or statutory requirements and lacks sufficient evidence or factual allegations for the purposes of Title II. Also, the request for damages is unavailable under Title II.

Finally, plaintiff's billing claim, over which the Puerto Rico Energy Bureau has exclusive jurisdiction, is and has been moot since before the filing of this complaint.

**WHEREFORE** Defendants respectfully request that this Honorable Court Dismiss the Complaint with prejudice.

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing complies with the form and length requirements of Local Rule 7(d) of the Local Rules of the United States District Court for the District of Puerto Rico.

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF System, which will send notice of such filing to all counsel of record.

Respectfully submitted,

In San Juan, Puerto Rico, on September 5, 2023.

**LUMA**
Legal Division
PO Box 364267
San Juan, Puerto Rico 00936-4267
(787) 342-6091

**Alana.Vizcarrondo@lumapr.com**
*s/Alana M. Vizcarrondo- Santana*
USDC-PR 301614

**Carlos.RamirezIsern@lumapr.com**
*s/Carlos R. Ramírez- Isern*
USDC-PR 305907