US DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NABIL A. SOUIED<br>**Plaintiff,**<br><br>v.<br><br>LUMA ENERGY MANAGECO, LLC a/k/a LUMA Energy LLC, and LUMA Energy ServCo LLC; PREPA; INSURANCE COMPANIES X, Y, Z, et al.<br>**Defendants** | Civil No. 3:23-cv-01201<br><br>DECLARATORY RELIEF AND TO ENJOIN ENFORCEMENT OF THE CIVIL RIGHTS ACT OF 1964; SEEKING INJUNCTIVE RELIEF AND DAMAGES<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**OPPOSITION TO CO-DEFENDANTS' JOINT REQUEST FOR DISMISSAL**

**TO THE HONORABLE COURT:**

Comes now, PLAINTIFF, through his undersigned attorneys and respectfully **STATES**, **ALLEGES** and **PRAYS**:

Co-DEFENDANTS jointly requested that this action be dismissed on grounds of a) unmet standards under Rule 12(B)(6); b) inaccessible relief under the federal statute; c) lack of jurisdiction. PLAINTIFF Souied hereby opposes such request for dismissal.

**STANDARD OF REVIEW**

All complaints must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) (Emphasis added). However, a plaintiff "need not demonstrate that [it] is likely to prevail" on its contention. *García-Catalán* v. *US*, 734 F.3d 100, 102 (1st Cir.2013). Instead, the complaint requires only sufficient factual details to consider it appropriately plausible. *See*, *Ashcroft* v. *Iqbal*, 556 U.S. 662,

1

678 (2009); *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570, (2007). Compliance under Rule 8 distinguishes factual allegations, that must be accepted as true, from its conclusory legal allegations. *See*, *Morales-Cruz* v. *Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir.2012). This requires sufficient factual matter to state a claim that is plausible on its face. *SEC* v. *Tambone*, 597 F.3d 436, 441 (1st Cir. 2010). *See*, *Ashcroft, supra*; *Twombly*, *supra*. A Court must seek a "…reasonable inference that the defendant is liable…", *Haley* v. *City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011).

Since DEFENDANT's contentions fuse an interpretation of Rule 12(b)(1) and Rule (b)(6), these pleadings must be read "in the light most favorable to the plaintiff" and "resolve any ambiguities" in the plaintiff's favor. *Calderón-López* v. *US*, 337 F. Supp. 3d 99 (USDC-PR 2018) *See Ocasio-Hernández* v. *Fortuño-Burset*, 640 F.3d 1, 17 (1st Cir. 2011); *Viqueira* v. *First Bank*, 140 F.3d 12, 15 (1st Cir. 1998); *Murphy* v. *US*, 45 F.3d 520 (1st Cir., 1995). Also, the complaint must be construed liberally. *Aversa* v. *US*, 99 F.3d 1200, 1210 (1st Cir. 1996). All reasonable inferences must be made in favor of the plaintiff in consideration that this type of request arises in a pre-discovery setting. *Katz* v. *Pershing, LLC*, 672 F.3d 64, 70 (1st Cir. 2012). It is important also to note that an adequate claim may still proceed even if its survival is remote and not likely. *Ocasio-Hernández*, *supra*.

Similarly, a Rule12(b)(1) motion, as a direct challenge to

2

federal subject matter jurisdiction, also includes elements of sovereign immunity, mootness, ripeness, and subject matter jurisdiction. *See Valentin* v. *Hospital Bella Vista*, 254 F.3d 358, 362-363 (1st Cir. 2001).

**REGARDING JURISDICTIONAL ISSUE RAISED BY DFENDANTS**

The question of jurisdiction must be addressed first since "is both a legally and a logically antecedent question". *Morse* v. *Cloutier*, 869 F.3d 16, 25 (2017); *Steel Co.* v. *Citizens for a Better Env't*, 523 U.S. 83 (1998). At least one claim that possesses original subject-matter jurisdiction in the petition supports federal court intervention. Other sufficient claims can be assessed under supplemental jurisdiction in the right circumstances. *See*, *Kokkonem* v. *Guardian Life Insurance*, 511 U.S. 375 (1994).

DEFENDANT's arguments rest on the issue that the Puerto Rico Energy Bureau has exclusive jurisdiction over challenges to electric bill. This leads up to a question of this court's power to dispatch this case on its merits. Yet, this statement is two-faced since the opposing party also asserts that this court lacks subject matter jurisdiction because the controversy is moot.

It is well established that Federal Courts are benches of limited jurisdiction. *Gonzalez-Camacho* v. *Banco Popular De P.R.*, 318 F. Supp. 3d 461 (USDC-PR 2018). *See also*: *Bonas* v. *Town of North Smithfield*, 265 F.3d 69 (2001); *Irving* v. *US*, 162 F.3d 154,

3

160 (1st Cir.1998). One of these instances is the presence of a federal question in the complaint. In other words, a federal remedy is sought for a violation of federal statutory right. *Merrel Dow Pharm., Inc*. v. *Thompson*, 478 U.S. 804 (1986).

Entirely different from this is the issue of whether a state law remedy is sought for violation of a state act at the federal venue. The federal issue may be present but is embedded in the state claim requiring an evaluation to see if the federal remedy unbalances the careful congressional equilibrium between federal and state courts. *Gunn* v. *Minton*, 568 U.S. 251 (2013). Federal jurisdiction will be present if: a) The federal issue is raised in the very lawsuit; b) the federal issue is disputed by the parties; c) it's a matter substantial to the whole federal system, and d) if resolved using federal law it does not disturbs the state-federal balanced imposed by Congress. *See Gunn* v. *Minton*, *Id*.

PLAINTFF's position is that exclusive jurisdiction of the Puerto Rico Energy Bureau is not the issue at hand. His claims arise in and under the CIVIL RIGHTS ACT OF 1964, 42 USC secs. 2000a et seq. (2022). It is strictly a 28 USC sec. 1343 federal question issue outside the scope of the Puerto Rico Energy Bureau. The motion to dismiss inconveniently tries a sleight of hand focusing on supplemental claims instead of the federal questions posted on the complaint, which asks this court to clear the following: a) Does the public accommodation definition applies to LUMA's customer

4

service offices under Federal Law; b) Whether DEFENDANT's expressions constitute a violation of a Federal Civil Rights statute and deprived PLAINTIFF of any right, privilege, or immunity inside a public accommodation facility where they solicit services. In other words, this court is at the threshold of a controversy that fundamentally involves the provisions of 42 U.S.C. secs. 1981 et seq. (Civil Rights) and 42 U.S.C. secs. 2000a et seq., as well as claims regarding rights, privileges and/or immunities secured by the Constitution of the US on the federal setting. Supplemental to this are the elucidation of any claims that arise from the violations of rights, privileges and/or immunities secured by the Constitution of the US and under Article II, Sections 1 and 8 of the Constitution of the Commonwealth of Puerto Rico, and Articles 1536 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, sec. 10801 (pending official English translations). Jurisdiction is therefore premised on the determination of PLAINTIFFS' underlying federal rights and the doctrine of pendent jurisdiction. Also, it must be underlined that venue is proper under 28 U.S.C. sec. 1391.

Moreover, procedures within the Puerto Rico Energy Bureau became an impossible task because the bureau's policy of strictly dealing with matters pertaining to bill review barred them from entertaining the issues of racial discrimination. Even more important, such derogatory racial remarks specifically forbade

PLAINTIFF from initiating the bill questioning process in the first place since an informal complaint must be filed at LUMA's customer service. This element was denied by DEFENDANTS actions.

Inasmuch, DEFENDANTS are the very same agents that created a lack of jurisdiction for the Puerto Rico Energy Bureau. At its essence, effective bill checking procedures are distinct and separated from offensive expressions made by DEFENDANTS at public accommodation spaces. Moreover, the contention is too self-serving: Claiming a lack of federal jurisdiction in this case without acknowledging that the Puerto Rico Energy Bureau also lacks jurisdiction only seeks a poorly grounded dismissal. At its source, the discriminatory elements of the statements made by DEFENDANTS are the foundations for PLAINTIFF's civil action and federal jurisdiction, not the other way around.

In this case federal law has completely preempted state law. This is true even if PLAINTIFF wishes to avoid the federal question by pleading only state law. The matter before this court is that of complete preemption. *See Rueli* v. *Baystate Health, Inc.*, 835 F.3d 53 (2016); *Cavallaro* v. *UMass Memorial Healthcare*, Inc., 678 F.3d 1, (1st Cir. 2012).

Now, DEFENDANTS also raised the issue of this case not being a justiciable controversy and stated that mootness prevents this court from entering the merits. *See*, *Massachusetts* v. *EPA*, 549 U.S. 497 (2007); *California* v. *San Pablo*, 149 U. S. 308 (1893).

6

This case suffers from none of these defects.

Mootness arises if after-filing events deprive the litigant of his stake in the controversy. However, there is a lurking element of conduct that is capable of repetition and at risk of eluding judicial review. *See*, *Southern Pacific* v. *ICC*, 21 US 498 (1911). In other words, voluntary cessation by DEFENDANT is not enough to make the case moot since the likelihood of defendant returning to his old ways.

In the present case, PLAINTIFF is impeded from requesting service from another energy servicer. LUMA holds the monopoly over customer services related to energy distribution by way of contract with the Puerto Rico Electric Power Authority (PREPA). He is tied to LUMA and its agents if he lives in Puerto Rico and if he chooses to do business on the Island. There is no guarantee that subsequent energy bill reviews, claims or even a single visit to one of DEFENDANT's lobbies will not be met with the same unfair expressions. As such, the ever-present risk of suffering more discriminatory racial remarks still lingers until a binding judicial determination is made.

### **REGARDING CIVIL RIGHTS ACT ISSUES RAISED BY DEFENDANTS**

DEFENDANTS argue that: a) LUMA's office is not a place of public accommodation; b) there is no *prima facie* case of discrimination; c) services were not denied nor impeded; d) the relief under the Civil Rights Act is unavailable.

7

Discussion of this issue must start with the notion that prohibition of racial discrimination in public accommodations is a valid Congressional mandate under the Commerce Clause. *Heart of Atlanta Motel, Inc.* v. *US*, 379 U.S. 241 (1964); *Katzenbach* v. *McClung*, 379 U.S. 294 (1964). Secondly, Federal Civil Rights law "prohibit all racial discrimination, whether or not under color of state law, with respect to the rights enumerated therein." *Franceschi* v. *Hyatt Corp.*, 747 F. Supp. 138 (USDC-PR 1990); *Franceschi* v. *Hyatt Corp.*, 782 F. Supp. 712 (USDC-PR 1992) *Jones* v. *Mayer Co.*, 392 U.S. 409 (1968), *General Building Contractors Assn.* v. *Pa.*, 458 U.S. 375 (1982).

"Title II of the Civil Rights Act enacted a sweeping prohibition of discrimination or segregation on the grounds of race, color, religion, or national origin at places of public accommodation whose operations affect commerce." *Daniel* v. *Paul*, 395 U.S. 298 (1968). "[I]ts fundamental object ... was to vindicate the deprivation of personal dignity that surely accompanies denials of equal access *144to public establishments." *Roberts* v. *US Jaycees*, 468 U.S. 609 (1983), *Heart of Atlanta Motel, Inc.* v. *US*, *supra*. In this aspect, private litigation has become a "…means of securing broad compliance with the law." *Newman* v. *Piggie Park Enterprises*, 390 U.S. 400, 401 (1968). It is further noted that interpretation of Title II claims in this district is of "a broad construction". *Franceschi* v. *Hyatt Corp.*, *supra*. DEFENDANTS

8

contend that LUMA's service offices do not fall within the definition of public accommodation exposed in the federal statute. However, LUMA has various regional offices throughout Puerto Rico that serve customers and are open to visitors alike. It deals as the only actor in the energy distribution equation in Puerto Rico with transactions that affect customers, either private or commercial. It is the single most important economic player throughout all commerce on the Island with policies and practices that can affect citizens, travelers, business, hotels, gas stations and every single subject within the bounds of the definition of commerce explained in 42 USC 2000a(c). Previously, this was PREPA's domain and there is nothing indicative that the advent of LUMA changed a single element of the customer services process. DEFENDANT's argument regarding that PLAINTIFF was not denied of services nor impeded from challenging is not sustained under the *Daniel* v. *Paul*, *supra*, decision. In this case, bill review is a part of the service to be rendered and guaranteed to any person that deals with LUMA. PLAINTIFF contentions are not just about humiliation and embarrassment, but of denial of an integral part of service that all other customers of LUMA can activate: Bill reviewing.

DEFENDANTS raise the issue that PLAINTIFF fails to prove a denial of benefits and that he was treated less favorable than similarly situated persons. Here a verb issue must be stressed:

9

DEFENDANTS call for *proof* when the standard of review calls for plausible *pleadings*. In that case, PLAINTIFF adequately alleged that the discriminatory remarks violated his civil rights and deprived him of challenging the fees as other non-Arab customers are entitled to. Painfully, the pleadings do not identify LUMA's agents expressions as being individually directed to PLAINTIFF, they are focused to all Arabs in Puerto Rico.

DEFENDANTS pursue the notion that no monetary awards can be made in this lawsuit. Although the remedy afforded at the federal level is injunctive in nature, and no monetary damages can be allowed in that aspect, the truth is that this court has complete discretion to apply the doctrine of pendent jurisdiction. As such, it is a matter of economy, convenience, and fairness to all parties. This lawsuit presents a situation where it would not be useful to force PLAINTIFF to file claims that would need identical elements of proof in state court. Also, local law claims do not predominate over the federal claims. Finally, exercise of pendent jurisdiction over state claims is proper in cases filed under the Civil Rights Acts. *See Franceschi* v. *Hyatt Corp.*, *supra*; *Alexander* v. *Gardner-Denver Co.*, 415 U.S. 36, (1974), *Johnson* v. *Railway Express Agency*, 421 U.S. 454 (1975), *Cuello-Suarez*, 737 F.Supp. at 1250.

**WHEREFORE,** PLAINTIFF respectfully requests from this Honorable Court to take notice of the above arguments and deny

10

DENFENDANT's joint motion for dismissal.

**RESPECTFULLY SUBMITTED.**

At Aguadilla, Puerto Rico, this 19th day of September 2023.

**\*\*\*SERVICE OF PROCESS: Through automatic electronic notification service via CM/ECF.**

<u>s/Fredeswin Pérez-Caballero</u>
**Fredeswin Pérez-Caballero**
P.O. Box 723
Caguas, Puerto Rico 00726-0723
Telephone:     787-239-7226
USDC-PR 217803
e-mail: fpclaw@gmail.com

<u>s/Nelson Esteban Vera-Santiago</u>
**BUFETE VERA SANTIAGO**
P.O. Box 810
Moca, Puerto Rico 00676
Telephone: 787-877-3516
USDC-PR: 308709
e-mail: verasantiagolaw@gmail.com

11