**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

NABIL A. SOUIED,

      **Plaintiff,**

      v.

LUMA ENERGY MANAGECO, LLC
a/k/a LUMA ENERGY LLC; LUMA
ENERGY SERVCO LLC; INSURANCE
COMPANIES X, Y, Z; SEYNA DE
LEON; ABC CO., INC.; JOHN DOE;
and JANE DOE;

      **Defendants.**

**CIVIL NO. 23-1201 (RAM)**

**OPINION AND ORDER**[1]

RAUL M. ARIAS-MARXUACH, United States District Judge

      This matter comes before the Court on LUMA Energy LLC's, LUMA Energy Servco LLC's (collectively "LUMA"[2]), and Seyna De Leon's ("Ms. De Leon") (collectively, "Defendants") *Motion to Dismiss the Complaint* ("*Motion to Dismiss*") (Docket No. 22). Plaintiff Nabil A. Souied ("Plaintiff" or "Mr. Souied") has failed to state a claim for which legal relief may be granted insofar as LUMA and its property are not covered by Title II of the 1964 Civil Rights Act, 42 U.S.C. § 2000a, which prohibits discrimination or segregation

---

[1] Elizabeth VanKammen, a rising 2L at UVA Law, assisted in the preparation of this Opinion and Order.

[2] The parties refer to the co-defendants LUMA Energy, LLC and Luma Energy Servco, LLC collectively as LUMA, and the Court adopts that nomenclature here.

in places of public accommodation. Accordingly, the *Motion to Dismiss* is **GRANTED.**

## I.    BACKGROUND

On April 25, 2023, Plaintiff filed his *Complaint* alleging violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a *et seq.* and requesting injunctive relief and damages. (Docket No. 1). In the *Complaint*, Mr. Souied states he "was born in Lebanon and identifies himself as [a] middle eastern man of Arab national origin." (Docket No. 1 ¶ 7). Until 2013, he owned and operated a gas station in Arecibo, Puerto Rico, using electricity provided by the Puerto Rico Electric Power Authority ("PREPA"). Id. ¶¶ 8-9. Plaintiff subsequently sold it and signed over all debts "regarding PREPA's Commercial Account Number 1843321647" with the understanding that they would be transferred to the gas station's new owner, Caroline Muñoz-Gaud. Id. ¶ 10. After asking for the disconnection and cancellation of Commercial Account Number 1843321647 in 2014, Plaintiff alleges PREPA instead "transferred the balance from Commercial Account number 1843321647 to Plaintiff's **personal account** with PREPA." Id. ¶¶ 11-12 (emphasis in original). **Mr. Souied successfully requested that PREPA correct that action.** Id. ¶ 13.

After LUMA became the new operator of the Puerto Rico power grid in 2020, Plaintiff alleges Defendants "collectively transferred the balances indebted on Commercial Account Number

1843321647 to Plaintiff's **personal account**." (Docket No. 1 ¶¶ 14-15) (emphasis in original). Though he requested resolution of this issue, LUMA allegedly failed to take corrective action. Id. ¶ 16.

Mr. Souied claims that in October of 2021, his personal assistant Deborah Irizarry ("Ms. Irizarry") "attended LUMA's regional office at Arecibo, Puerto Rico, to correct the issue of PREPA's Commercial Account Number" on his behalf. Id. ¶ 17. Plaintiff sent Ms. Irizarry because he sought to take advantage of the fact that she is Puerto Rican "since he noticed animosity against his Arab background." Id. ¶ 18. There, Ms. Irizarry "was assisted by an agent or representative of LUMA identified as Seyna de Leon," who allegedly "declined the transfer of any amount on Plaintiff's **personal account**" and believed that "Plaintiff owed sums to LUMA and ad verbatim expressed that 'los árabes son tramposos y mala paga.'"[3] Id. ¶¶ 19-20 (emphasis in original). Mr. Souied claims Defendants violated the prohibitions of 42 U.S.C. § 2000a through these words and actions. Id. ¶ 21.

Plaintiff bases his claim on the allegations that LUMA's office is a public facility with a "a duty to provide a public service." (Docket No. 1 ¶¶ 23-24). This service purportedly includes providing members of the public with "rates and services"

---

[3] No translation for this phrase was provided in the Complaint or in the subsequent filings related to the Motion to Dismiss. However, the local rules require that all documents not in English "must be accompanied by a certified translation into English[.]" L. Civ. R. 5(c).

in a discrimination-free environment. Id. ¶ 24. Mr. Souied asserts
that LUMA violated this duty when its employee, Ms. De Leon, made
a discriminatory remark about "los árabes," thereby impeding his
ability to challenge the fees and rates associated with his
account. Id. ¶¶ 29-30.

Defendants timely filed their *Motion to Dismiss* on September
5, 2023. (Docket No. 22). Among other things, they argue that
LUMA's regional office is not a place of public accommodation as
defined by Title II of the Civil Rights Act, and therefore Mr.
Souied has failed to state a claim upon which relief can be granted
under the statute. (Docket No. 22 at 5-6).

Plaintiff filed his *Opposition to Co-Defendants' Joint
Request for Dismissal* ("*Opposition*") on September 20, 2023.
(Docket No. 24). In response to Defendants' jurisdictional
arguments, Mr. Souied contends that since his claims are brought
pursuant to the Civil Rights Act, this Court has jurisdiction under
28 U.S.C. § 1343. (Docket No. 24 at 4). In explaining why he failed
to exhaust required administrative procedures, Plaintiff argues
the Puerto Rico Energy Bureau has been deprived of jurisdiction by
the Defendants' own actions because "the bureau's policy of
strictly dealing with matters pertaining to bill review barred
them from entertaining the issues of racial discrimination," and
he claims the "derogatory racial remarks specifically forbade
Plaintiff from initiating the bill questioning process in the first

place since an informal complaint must be filed at LUMA's customer service." Id. at 5-6. As to the mootness argument, Mr. Souied avers that additional racially discriminatory remarks could potentially be made unless a binding judicial determination is made. Id. at 7.

In response to Defendants' argument that LUMA is not a place of public accommodation as defined by the Civil Rights Act, Plaintiff claims that LUMA's offices throughout Puerto Rico "serve customers and are open to visitors alike." (Docket No. 24 at 9). Mr. Souied avers that, by serving customers, Defendants affect all manner of businesses that are "within the bounds of the definition of commerce explained in 42 [U.S.C. §] 2000a(c)." Id. Plaintiff also argues the other elements of the Civil Rights Act violation claim are adequately pled, and he asserts that Defendants incorrectly request proof that he was treated less favorably than similarly situated persons "when the standard of review calls for plausible *pleadings*." Id. at 9-10 (emphasis in original). Finally, Mr. Souied claims he is entitled to a monetary award should he prevail in the present action, even though a remedy of that kind is not available through the federal cause of action, because "this court has complete discretion to apply the doctrine of pendant jurisdiction." Id. at 10. However, Plaintiff does not identify what causes of action under Puerto Rico law entitle him to monetary damages in this case. Id.

## II.  APPLICABLE LAW

Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint that "fails to state a claim upon which relief can be granted." Under Rule 12(b)(6), a plaintiff must plead enough facts to state a claim that is "plausible" on its face, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level, […] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks, citations, and footnote omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Further, a complaint will not stand if it offers only "naked assertion[s]" devoid of "further factual enhancements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). To determine whether a complaint has stated a plausible, non-speculative claim for relief, courts must treat non-conclusory factual allegations as true. See Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir. 2013); Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013).

### III. DISCUSSION

**A. Plaintiff Has Failed to Adequately Plead Facts Asserting a Claim Under 42 U.S.C. S 2000a(b) Against LUMA**

42 U.S.C. § 2000a(b) provides the following comprehensive list of categories considered to be 'places of public accommodation' under the statute:

> Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter if its operations affect commerce, or if discrimination or segregation by it is supported by State action:
>
> (1) any inn, hotel, motel, or other establishment which provides **lodging to transient guests**, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other **facility principally engaged in selling food for consumption on the premises**, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
>
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other **place of exhibition or entertainment**; and
>
> (4) any establishment (A)(i) which is **physically located within the premises of any establishment otherwise covered by this subsection**, or (ii) within the premises of which is physically located

> any such covered establishment, and (B)
> which holds itself out as serving patrons
> of such covered establishment.

42 U.S.C. S 2000a(b).

Courts have consistently declined to enlarge the category of covered establishments beyond those listed in the statute. *See* Denny v. Elizabeth Arden Salons, Inc., 456 F.3d 427, 431 (4th Cir. 2006) (affirming district court's ruling that a beauty salon is not a covered place of public accommodation because section 2000a(b) "sets forth a comprehensive list of establishments that qualify as a 'place of public accommodation,'. . . and in so doing excludes from its coverage those categories of establishments not listed"); Kelly v. Yorktown Police Dept., 2006 WL 3316183, at *7 (S.D.N.Y. 2006) (holding plaintiff failed to state a claim for relief against a department store under section 2000a(b) because it was not a place of public accommodation as defined by the statute); Jarvis v. Wells Fargo Bank, N.A., 2022 WL 1663568, at *3 (D. Md. 2022) (citations omitted)(finding plaintiff failed to state a claim for relief against a bank under 2000a(b) because "banks are not places of public accommodation").

Plaintiff does not make factual allegations that the LUMA regional office at issue falls into any of the statutory categories. *See* (Docket No. 1 ¶¶ 17-20). Instead, as emphasized in the *Opposition*, Mr. Souied relies on the proposition that Defendant

LUMA "is the single most important economic player throughout all commerce on the Island with policies and practices that can affect citizens, travelers, business, hotels, gas stations and every single subject within the bounds of the definition of commerce explained in 42 USC 2000a(c)." (Docket No. 24 at 9). Though LUMA's operations and services may impact entities that fall within the categories provided by 42 U.S.C. § 2000a(b), that impact fails to bring LUMA **itself** within the defined categories of public accommodations subject to the statute. Accordingly, Plaintiff has failed to plead LUMA is a public accommodation liable for discriminating against him under the statute.

**B. Plaintiff Failed to Adequately Plead Facts Establishing a Claim Against Ms. De Leon Under 42 U.S.C. § 2000a-3**

An individual may institute an action against another under 42 U.S.C. § 2000a-3 "[w]henever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2." Such prohibited practices include:

> (a) withhold[ing], deny[ing], or attempt[ing] to withhold or deny, or depriv[ing] or attempt[ing] to deprive any person of any right or privilege secured by section 2000a or 2000a-1 of this title, or (b) intimidat[ing], threaten[ing], or coerc[ing], or attempt[ing] to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a or 2000a-1 of this title, or (c) punish[ing] or

> > attempt[ing] to punish any person for
> > exercising or attempting to exercise any
> > right or privilege secured by section
> > 2000a or 2000a-1 of this title.

42 U.S.C. § 2000a-2. The rights secured by section 2000a, as discussed above, entitle individuals "to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any **place of public accommodation**." 42 U.S.C. § 2000a (emphasis added). If any person violates the prohibitions set forth in § 2000a-2, the plaintiff, upon proving such a violation, may commence an action "for preventative relief, including an application for a permanent or temporary injunction, restraining order, or other order," and the prevailing party in such an action may receive "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 2000a-3(a)-(b).

    To establish a claim under 42 U.S.C. § 2000a-2, a plaintiff must allege: (1) they sought and were subsequently denied access to or the services of (2) a place of public accommodation (3) because of their race or place of national origin. *See* Franchesi v. Hyatt Corp., 747 F. Supp. 138, 143-44 (D.P.R. 1990); *see also* Fall v. LA Fitness, 161 F. Supp. 3d 601, 606 (S.D. Ohio 2016) (citing Bormuth v. Dahlem Conservancy, 837 F. Supp. 2d 667, 674 (E.D. Mich. 2011)) ("Plaintiff must show that: (1) he is a member of a protected class; (2) he attempted to exercise the right to full benefits and enjoyment of the [place of public accommodation];

(3) he was denied those benefits and enjoyment; and (4) he was treated less favorably than similarly situated persons who are not members of the protected class").

Mr. Souied "identifies himself as a middle eastern man of Arab national origin" born in Lebanon. (Docket No. 1 ¶ 7). Plaintiff alleges that LUMA representative Ms. De Leon made discriminatory remarks and "declined the transfer of any amount on Plaintiff's **personal account,**" thereby impeding him from challenging fees associated with that account. Id. ¶¶ 20, 30 (emphasis in original). Though these factual allegations establish that Mr. Souied is a member of a protected class who was denied services because of his race or national origin, he does not satisfy the required elements of an action under 2000a-2 because Ms. De Leon did not deny him the services of a place of public accommodation as defined in 2000a(b). Accordingly, the *Motion to Dismiss* as to the claims against Ms. De Leon under 42 U.S.C. § 2000a-2 is **GRANTED.**

### C. Dismissal of Additional Claims

  i.  Plaintiff has failed to adequately plead state-law
      claims

The Court further notes that Mr. Souied alleged in the *Complaint* that he also has claims under unidentified Puerto Rico laws, over which this Court has supplemental jurisdiction. (Docket No. 1 at 3-4). In his *Opposition*, Plaintiff identifies as

"supplemental" those claims "that arise from the violations of rights, privileges and/or immunities secured by the Constitution of the [United States] and under Article II, Sections 1 and 8 of the Constitution of the Commonwealth of Puerto Rico, and Articles 1536 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, sec. 10801[.]" (Docket No. 24 at 5). However, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Velazquez-Ortiz v. F.D.I.C., 2012 WL 1345174, at *6 (D.P.R. 2012) (citations omitted). "Thus, the Court need not consider these after-the-fact allegations in determining the sufficiency of the [complaint] under Rule 12(b)(1) or 12(b)(6)." Díaz-Zayas v. Mun. of Guaynabo, 600 F. Supp. 3d 184, 195 (D.P.R. 2022). Having dismissed Plaintiff's Title II claim(s), the Court declines to exercise supplemental jurisdiction over the unidentified state law claims.[4] See Rivera-Diaz v. Humana Ins. of P.R., Inc., 748 F.3d 387, 392 (1st Cir. 2014) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)) (declining to exercise jurisdiction over remaining state-law claims where "all federal-law claims are eliminated before trial").

   ii.  42 U.S.C. § 1981

   Although Plaintiff's *Complaint* does not assert a cause of action arising under 42 U.S.C. § 1981, Defendants argue in the

---

[4] Additionally, Plaintiff's failure to identify the state laws he relies on in his *Reply* may violate the local rule requiring litigants to include supporting authorities in their memorandum of law. *See* L. Civ. R. 7(a).

*Motion to Dismiss* that "Plaintiff has failed to argue that he was denied service from LUMA." (Docket No. 22 at 9). In support of this proposition, they cite cases dismissing alleged violations of section 1981. Id. at 8-9. For the first and only time in the filings, Plaintiff invoked section 1981 *et seq.* in his *Opposition*, (Docket No. 24 at 5), constituting yet another "after-the-fact allegation[]" the Court need not consider. Díaz-Zayas, 600 F. Supp. 3d at 195.

However, even if Plaintiff had raised this cause of action in the *Complaint*, the factual allegations provided would have failed to adequately state a claim for which relief may be granted. First Circuit precedent provides that:

> To state a claim under § 1981, a plaintiff must show that (1) she is a member of a racial minority; (2) the defendant discriminated against her on the basis of her race; and (3) the discrimination implicated one or more of the activities listed in the statute, including the right to make and enforce contracts.

Hammond v. Kmart Corp., 733 F.3d 360, 362 (1st Cir. 2013) (citing Garrett v. Tandy Corp., 295 F.3d 94, 98 (1st Cir. 2002)).

To satisfy the third element, a plaintiff "must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006). A contractual relationship is impaired when a plaintiff either has been (1) completely denied service or

(2) was required to comply with additional terms or conditions not imposed on others in the same contractual position. *See* <u>Tatum v. Jasper Water Works and Sewer Bd., Inc.</u>, 2022 WL 7675067, at *3 (N.D. Ala. 2022) (holding plaintiff failed to allege a contractual injury where "[h]is opportunity to contract was possibly delayed, but he was not ultimately denied service."); <u>Lopez v. Target Corp.</u>, 676 F.3d 1230, 1234 (11th Cir. 2012) (same, where plaintiff "was able to complete his transaction at the same Target store, buying his desired goods at the same price and using the same payment method as any other customer"); <u>Knight v. Wells Fargo Bank NA</u>, 459 F. Supp. 3d 1288, 1293 (N.D. Cal. 2019) (denying a motion to dismiss where plaintiff sufficiently alleged that services were provided only after a condition was imposed on him "during the contract formation that was not imposed on its other customers").

Mr. Souied has alleged facts satisfying the first two elements of a section 1981 claim. He states he is a "middle eastern man of Arab national origin," establishing that he is a member of a racial minority group. (Docket No. 1 ¶ 7). Plaintiff's statements as to the denial of a transfer regarding his personal account being accompanied by derogatory statements about "los árabes" show Ms. De Leon's discriminatory acts were made on the basis of Mr. Souied's race. <u>Id.</u> ¶ 20. However, Plaintiff fails to adequately allege the third element. He claims Ms. De Leon impeded him in engaging in bill review, a privilege to which he was entitled by

his contractual relationship with LUMA. Id. ¶¶ 24, 30. Defendants point out that Plaintiff was able to nevertheless resolve the issue later. (Docket No. 22 at 2) ("the debt associated to Plaintiff's account . . . was written off by LUMA and is no longer being collected from Plaintiff"). This series of events constitutes at best a delay in service, not a denial of the right to contract. Mr. Souied also does not allege that he was required to comply with any additional conditions not imposed on others engaging with LUMA. (Docket No. 1). Accordingly, even if Plaintiff had asserted a cause of action arising under 42 U.S.C. § 1981, it would be dismissed for failure to plead facts sufficient to state a claim.

### IV. CONCLUSION

For the above reasons, the Court **ORDERS** that Defendants' *Motion to Dismiss* at Docket No. 22 is **GRANTED.** Judgment of dismissal with prejudice as to all claims shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of July 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE